```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :   98 Crim. 874 (LAP)
                                    :
            v.                      :   MEMORANDUM AND ORDER
                                    :
PEDRO BENITEZ,                      :
                                    :
            Defendant.              :
------------------------------------X
```

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/16/09

MAILED TO defts COUNSEL

Loretta A. Preska, Chief U.S.D.J.:

Movant Pedro Benitez is currently serving a 27-month sentence at Federal Correctional Institute Edgefield as a result of his conviction for conspiracy to commit robbery. Subsequent to his federal conviction on the conspiracy charge, the State of New York sentenced Benitez to a period of incarceration of 78 months to run concurrently with his federal sentence. Despite the instruction of the state sentencing court, after serving his state sentence, Benitez was brought to begin serving his federal sentence without any credit for the time he served in the state system.

Benitez requests that the time he served in his state prison sentence be credited toward his federal sentence. This Court cannot grant his request: the Bureau of Prisons ("BOP") has the sole discretion to determine whether Benitez's federal sentence should be deemed to run concurrently with his state sentence. However, the Court may recommend that his state facility be designated <u>nunc</u>

1

pro tunc as a federal facility and that his federal sentence be deemed to have run concurrently with his state sentence. For the following reasons, the Court makes that recommendation.

BACKGROUND

Benitez was charged in 1998 with conspiracy to commit robbery in violation of 18 U.S.C. 1951(a). (See Indictment dated August 11, 1998 (dkt. no. 14)). After being bound over from the custody of the State of New York to this Court on a writ of habeas corpus ad prosequendum (see dkt. no. 24), Benitez pled to conspiracy to commit robbery as defined in 18 U.S.C. § 1951(b)(1) and was sentenced to a term of imprisonment of 27 months on June 4, 2004. (See dkt. no. 31.) Counsel did not address any pending state charges during the sentencing. (See Transcript of Sentencing dated June 4, 2004.) Accordingly, the Court did not address whether Benitez's federal sentence should run concurrently with any state sentence. (Id.)

Shortly after Benitez's federal sentencing, on July 27, 2004, Benitez was sentenced for an unrelated crime by the State of New York to a sentence of 6.5 years nunc pro tunc from June 3, 2003. (See Order of Sentence dated July 27, 2004 ("State Sentencing Order"), attached to Letter from Pedro Benitez dated August 20, 2009 ("August 20

2

Letter"); see also Benitez Plea Agreement dated March 2, 2004 at 2 n.1.)  The presiding justice instructed that the state sentence "run conc[urrently] with any fed[eral] sent[ence]."  (See State Sentencing Order.)

After serving his state sentence, Benitez was taken into custody by the United States Marshals Service and sent to Edgefield.  (See August 20 Letter; see also Benitez Executed Judgment (dkt. no. 35).)  His projected release date from the federal system is December 8, 2010.  (See Sentence Monitoring Computation Data dated July 27, 2009, attached to August 20 Letter.)  As set out in the Presentencing Investigation made by the United States Probation Office, because conspiracy to commit robbery is an "aggravated felony" as defined by the Immigration and Nationality Act, see, e.g., Strelchikov v. Attorney General, 2007 WL 1723598 at *2-*3 (3d Cir. June 15, 2007), when Benitez is released he will likely be remanded to the custody of the United States Customs and Immigration Service for deportation proceedings.  (See August 20 Letter.)

Benitez wrote to this Court seeking clarity as to his "predicament."  (E.g., August 20 Letter.)  He stated that he had written to his lawyer "numerous occasions . . . to no avail." (See id.)

3

DISCUSSION

As an initial matter, the Court notes that Benitez did not make a formal motion. Instead, Benitez wrote the Court inquiring as to the reasons behind his continued federal incarceration and noting that he had not received any responses to the multiple letters he had sent to his lawyer. In response to an inquiry, Benitez's former counsel informed the Court that he had retired, unbeknownst to Benitez. Benitez thus has no counsel; in the interests of judicial economy, Mr. Benitez's letter is liberally construed as a pro se application for relief under Section 2255.[1]  28 U.S.C. § 2255; see McCarthy v. Doe, 146 F.3d 118, 120 n.1 (2d Cir. 1998).

New York's directive that Benitez's state sentence run concurrently with any federal sentence is not binding on the BOP. See McCarthy, 146 F.3d at 120-21 (citing United States v. Sackinger, 704 F.2d 29, 32 (2d Cir.1983)). Nor does this Court have the power to modify Benitez's

---

[1] As Judge Weinstein noted in his decision in Jenkins v. United States, 246 F.R.D. 138 (E.D.N.Y. 2007), a case involving a petitioner with circumstances similar to Benitez, it is unclear whether a motion such as this one is properly brought under Section 2255 or Section 2241. The Court of Appeals indicated in McCarthy that Section 2255 was appropriate, but the question is largely academic, because in either case this Court is limited to issuing a recommendation to the Bureau of Prisons rather than granting the motion and providing direct relief.

4

sentence.  Modification of a previously imposed sentence is controlled by 18 U.S.C. § 3582(c), and none of the necessary conditions is present here.  See, e.g., Jenkins, 246 F.R.D. at 141 (analyzing 18 U.S.C. § 3582(c) to determine that a request for credit for time served on a state sentence does not allow a court to impose a modified sentence).

It appears that in the absence of explicit instruction from the federal sentencing court to the contrary, the BOP interprets its authorizing statute to require that a subsequently imposed state sentence should run consecutively with the federal sentence.  Federal Bureau of Prisons Program Statement ("PS") 5160.05(7)(b), dated January 16, 2003 (citing 18 U.S.C. § 3584).  The Court of Appeals has rejected this interpretation.  McCarthy, 146 F.3d at 122 ("As defendant was neither subjected to multiple terms of imprisonment at the same time nor was he already subject to his state sentence when his federal sentence was imposed, the presumption that terms of imprisonment imposed at different times run consecutively does not apply to him.").

Nonetheless, the BOP clearly has the authority and the discretion to grant a request for nunc pro tunc designation of a state facility for a prisoner to serve a federal

5

The United States Attorney agrees that this Court may make a non-binding recommendation to the BOP to that Benitez's federal sentence be deemed to have run concurrently with his state sentence and that such a recommendation may resolve this situation.  (See Letter from David Rody dated December 4, 2009.)

The BOP's Program Statement indicates that it will designate a state facility for concurrent service of a federal sentence "only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system."  PS 5160.05(8).  Both criteria are met here.  This Court explicitly recommends that Benitez's federal sentence should be designated nunc pro tunc to run concurrently with his state sentence.  Further, the Court finds that consecutive sentences would exceed an appropriate sentence under 18 U.S.C. § 3553(a).  Benitez's state sentence was imposed with the instruction that it be served concurrently with any federal sentence; accordingly, to impose additional sentence would not promote respect for the law or provide just punishment for the offense.

CONCLUSION

Benitez's motion is denied because it seeks relief beyond this Court's power to grant; instead, the Court recommends that the BOP designate Benitez's state correctional facility nunc pro tunc to June 4, 2004 as a federal facility and that Benitez's federal sentence run concurrently with his state sentence.  The BOP should promptly review Benitez's request to give credit for his state sentence and consider this Court's recommendation in exercising its discretion to grant or deny the request.

SO ORDERED.

Dated:  New York, New York
December 11, 2009

_____
LORETTA A. PRESKA,
CHIEF U.S.D.J.